United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-51273

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN CHRISTIAN SUNDSBOE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(00-CR-242)

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit Judges.

PER CURIAM:[*]

John Christian Sundsboe ("Sundsboe") entered a conditional guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), wherein he reserved the right to appeal the district court's denial of his motion to suppress over 2000 pounds of marijuana found in his motor home. Sundsboe argues that the investigatory stop of his motor home was invalid because it was not based on reasonable suspicion and that the illegal stop tainted his subsequent consent to the search of the vehicle. We disagree.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual findings for clear error, and its legal conclusions, including whether there was reasonable suspicion, de novo. United States v. Espinosa-Alvarado, 302 F.3d 304, 305 n.1 (5th Cir. 2002). A Border Patrol agent on roving patrol may stop a vehicle "only if the agent is aware of specific articulable facts" that support a reasonable suspicion that the vehicle is being used for criminal activity. Id. at 305-06. We consider the "totality of the circumstances" in making this determination. Id. at 306 (internal quotations omitted). The factors we consider include: (1) the known characteristics of a particular area, (2) the agent's experience with criminal activity, (3) the proximity of the area to the border, (4) the usual traffic patterns on the road, (5) information about recent illegal trafficking in the area, (6) the behavior of the driver, (7) the number, appearance and behavior of the passengers. Id. No single factor, nor the absence of a particular factor, controls the conclusion. Id.

Here, Sundsboe's proximity to the border was evidenced by the fact that his motor home, which was the only vehicle traveling on Highway 118 near Big Bend National Park that night, activated a sensor within fifty miles of the border. See United States v. Jacquinot, 258 F.3d 423, 428 (5th Cir. 2001) (holding that although the vehicle was first spotted and stopped seventy-five miles from the border, the time of arrival indicated that it was the same vehicle that had activated the sensors close to the border); see also United States v. Samaguey, 180 F.3d 195, 198 (5th Cir. 1999) (concluding that sensor alerts in close proximity to the border give rise to a reasonable inference that the defendant's car originated from the border). In addition, Sundsboe was traveling by himself on Highway 118, a known alien and drug trafficking route, at an unusual time of night in a motor home registered to a person with a Hispanic surname. Sundsboe did not appear to be Hispanic to the Border Patrol agent. Furthermore, the Border Patrol agent was aware of recent illegal alien and drug

2

trafficking activity involving motor homes without tow-behind cars based on an earlier conversation with a DEA agent and from his personal experience.[1] Finally, Sundsboe's overall driving behavior was suspicious considering the terrain of the area and the lateness of the evening. United States v. Nichols, 142 F.3d 857, 868 (5th Cir. 1998).

The totality of the circumstances support the district court's conclusion that the Border Patrol agent had reasonable suspicion to make the stop.[2] Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.

---

[1]We reject Sundsboe's challenge to the district court's consideration of hearsay evidence concerning the characteristics of motor homes driven by smugglers. Hearsay evidence is admissible at a suppression hearing. See United States v. Matlock, 415 U.S. 164, 175 (1974).

[2]Sundsboe's argument that his consent to search the motor home was invalid is irrelevant. The district court did not rely on his consent to search the interior of the vehicle, and the canine sniff of the van does not constitute a search or seizure under the Fourth Amendment. United States v. Dortch, 1999 F.3d 193, 197 (5th Cir. 1999).